## Appeal of GAUKLER & STEWART.     Docket No. 62.

The allegations of a petition must be supported by competent evidence.

Submitted January 14, 1925; decided February 10, 1925.

*J. Marvin Haynes, Esq.*, for the taxpayer.

*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This is an appeal from an excess-profits tax for the year 1917, determined by the Commissioner to be due from the partnership of Gaukler & Stewart, in the sum of $10,842.08, and a penalty for failure to file a return in the sum of $5,421.04.

### FINDINGS OF FACT.

The taxpayer, during the year 1917, was a partnership located in the city of Pontiac, Mich., composed of two members, Henry P. Gaukler and Elisha Stewart.

The balance sheet set up by the Commissioner as of the beginning of the taxable year and used by him in determining the invested capital of the partnership is as follows:

| Assets. | January 1, 1917. |
|---|---|
| Cash | $12,759.33 |
| Accounts receivable | 15,642.69 |
| Inventory | 13,166.94 |
| Fixed assets | 25,571.33 |
| Deferred charges | |
| | 67,140.29 |

| Liabilities. | |
|---|---|
| Accounts payable | 5,983.11 |
| Reserve for depreciation | 7,168.63 |
| | 13,151.74 |

| Net worth. | |
|---|---|
| Excess of assets over liabilities | 53,988.55 |
| | 67,140.29 |

The closing balance sheet of the partnership for 1917, as set up by the examining revenue agent and agreed to by the taxpayer, is as follows:

| Assets. | December 31, 1917. |
|---|---|
| Cash | $10,734.49 |
| Accounts receivable | 13,301.19 |
| Inventory | 16,458.68 |
| Fixed assets | 52,872.25 |
| Deferred charges | 1,540.86 |
| | 94,907.47 |

| Liabilities. | |
|---|---|
| Accounts payable | 10,461.40 |
| Reserve for depreciation | 10,430.83 |
| | 20,892.23 |

| Net worth. | |
|---|---|
| Excess of assets over liabilities | 74,015.24 |
| | 94,907.47 |

The Commissioner computed the net income of the taxpayer at $30,872.94, as follows:

| | | |
|---|---:|---:|
| Sales | | $202, 146. 47 |
| Deductions— | | |
| Labor | $23, 925. 78 | |
| Merchandise purchased | 88, 384. 84 | |
| Freight | 32, 140. 06 | |
| Salaries | 2, 210. 00 | |
| Rent | 300. 00 | |
| Interest | 64. 67 | |
| Taxes | 913. 18 | |
| Other expenses | 10, 582. 80 | |
| | | 158, 521. 33 |
| Net income | | 43, 625. 14 |
| Income as disclosed by books (agent's figures) | | 43, 625. 14 |
| Deduction— | | |
| Depreciation allowed | $3, 262. 20 | |
| Addition— | | |
| Repair charges disallowed | 300. 00 | |
| | | 2, 962. 20 |
| Income as corrected | | 40, 662. 94 |
| Less— | | |
| Additional salary allowance | | 9, 790. 00 |
| Net income as shown in Department letter dated March 29, 1922 | | 30, 872. 94 |

The examining revenue agent reconciled the net worth of the partnership between the two foregoing balance sheets as follows:

RECONCILIATION OF NET WORTH.

| | |
|---|---:|
| 1916. Dec. 31, Gaukler & Stewart, net worth | $53, 988. 55 |
| 1917. Gaukler & Stewart, profits | 40, 662. 94 |
| Total | 94, 651. 49 |
| Gaukler & Stewart, withdrawals | 20, 636. 25 |
| Dec. 31 (E. Stewart & Sons), net worth | 74, 015. 24 |

The taxpayer introduced photostat copies of ledger sheets of the personal accounts of the partners during the year in question.

### DECISION.

The Board determines that there is a deficiency in the sum of $16,263.12, and the determination of the Commissioner is approved.

### OPINION.

JAMES: The question here presented turns upon the correctness of the balance sheets set up by the revenue agent, primarily to ascertain invested capital, and admittedly estimated, the correctness of his computation of net income, and the correctness of the accountants' theory of computing the net income in the following manner:

COMPUTATION OF NET INCOME.

| | |
|---|---:|
| Net worth December 31, 1917 | $74,015.24 |
| Less net worth December 31, 1916 | 53,988.55 |
| | 20,026.69 |
| Add withdrawals of partners during 1917 | 10,359.53 |
| Net profit | 30,386.22 |
| Less additional salaries allowed by Treasury Department letter dated March 29, 1922 | 9,790.00 |
| Net income as corrected | 20,596.22 |

Manifestly the above computation rests upon comparisons of surplus between two balance sheets, both admittedly inaccurate, and upon the correctness of an alleged sum of partners' withdrawals, computed from evidence which is clearly inadequate. The ledger sheets introduced in evidence are incapable of analysis without reference to journal entries or the knowledge of persons familiar with the accounts. The books of original entry were not introduced in evidence. The persons familiar with the accounts were not produced as witnesses. In lieu of such testimony, taxpayer's counsel has undertaken to analyze the ledger sheets and to show the amounts of withdrawals, setting forth such analysis in his brief. The Board is unable to determine whether this analysis is correct by comparison with any of the testimony and evidence in the case.

The taxpayer claims special relief under section 210 of the Revenue Act of 1917. No evidence was introduced in support of this claim and the Commissioner moved for the dismissal of this portion of taxpayer's petition. This motion was at that time taken under advisement. It must now be granted upon the ground and for the reason alleged by the Commissioner.